AMOS D. PALMER *vs.* ALPHONSE DESLAURIERS *et al.*

Where the vendor of land takes a mortgage on it for a portion of the unpaid purchase money there is an implied waiver of his lien for the balance of the money.

BILL IN EQUITY to establish a lien on land.   Heard on demurrer.

The complainant sold and conveyed to the respondent Abby D. Young, wife of Solomon W. Young, a lot of land in the city of Providence for $15,000.   Of this sum, $10,000 was raised on a mortgage of the land made by the grantee and her husband, and paid to the complainant; $2,000 was secured by a mortgage given to the complainant by Mr. and Mrs. Young, and for the remaining $3,000 Mr. and Mrs. Young gave their note.   Subsequently, and after the death of her husband, Mrs. Young sold and conveyed the land to the respondent Deslauriers.   The bill avers that Deslauriers, when he bought the land, agreed to assume and pay the indebtedness thereon and understood and agreed that he was to pay the $5,000 due to the complainant, and avers that the respondents are conspiring to defraud the complainant of the $3,000 remaining unsecured.

*June* 15, 1896.   MATTESON, C. J.   We do not think that the bill can be sustained as a bill to enforce a vendor's lien. The taking of the mortgage on the land for $2,000 was an implied waiver of such a lien for the remaining $3,000. *Brown* v. *Gilman*, 4 Wheat. 256, 290, 291; *Fish* v. *Howland*, 1 Paige, 20, 30, 31; *Phillips* v. *Saunderson*, 2 S. & M. (Ch.) 462, 465; note to *Mackreth* v. *Symmons*, 1 White

& Tudor's Lead. Cas. Eq. (Hare and Wallace's notes,) 486. But the complainant contends that the conveyance of the land to Mrs. Young created an equitable debt against her in his favor for the $3,000. Chaffee v. Maker, 17 R. I. 738, 742 ; Dean v. Rounds, 18 R. I. 436, 437–439 ; that inasmuch as the debt is an equitable debt and she, therefore, cannot be sued at law, as well as by reason of the fraudulent collusion between her and Deslauriers averred in the bill, he is entitled to maintain this suit. Merchants' National Bank v. Paine 13 R. I. 592 ; Ginn v. Brown, 14 R. I. 524 ; Gardner v. Gardner, 17 R. I. 751 ; Elliot v. Lawhead, 43 Ohio St. 171 ; 2 Beach, Mod. Eq. Jur. § 894. These points, however, have not been discussed in the respondents' brief and can be more intelligently considered when the facts are more fully before us. Without passing on them, therefore, and with a view to a fuller presentation of the case after the answer has been filed and the proofs have been taken, we overrule the demurrer.

*James Tillinghast, Edwin D. McGuinness & John Doran,* for complainant.

*Edward D. Bassett & Edward L. Mitchell,* for respondents.